IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONALD K. EVERSON and KIMBERLY C. EVERSON;  Plaintiffs,  vs.  DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR CDC MORTGAGE CAPITAL TRUST 2002-HE1, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2002-HE1; OCWEN LOAN SERVICING, LLC; and EDWARD E. BRINK;  Defendants. | 8:17CV35  MEMORANDUM AND ORDER |

This matter is before the Court on defendant Edward E. Brink's ("Brink") Motion to Dismiss Party (Filing No. 8) for failure to state a claim. For the reasons stated below, Brink's Motion is denied, and the case is remanded to the District Court of Sarpy County, Nebraska.

## I. BACKGROUND

Plaintiff Kimberly C. Everson purchased a piece of real property located in Sarpy County, Nebraska, on January 7, 2002. To finance the property, she delivered a promissory note to HomeGold, Inc. and a deed of trust to General American Corp. as trustee and HomeGold, Inc. as beneficiary. HomeGold, Inc. later assigned all its interest in the property to Deutsche Bank National Trust Company ("Deutsche"). On October 18, 2016, Deutsche appointed Brink the successor trustee for the deed of trust, and on

October 27, 2017, Brink filed a notice of default in the Sarpy County deed records.[1] Brink scheduled a trustee's sale of the property for January 27, 2017.

On January 27, 2017, plaintiffs filed a complaint in the District Court of Sarpy County, Nebraska, alleging various wrongs committed in the servicing of the mortgage and attempted foreclosure. Plaintiffs requested damages and an injunction prohibiting the trustee's sale which has not yet taken place.

On February 6, 2017, the defendants removed the case to this Court, alleging subject-matter jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332. Defendants declared (1) the plaintiffs were both citizens of Nebraska, (2) Deutsche was a citizen of New York, (3) Ocwen Loan Servicing, LLC, the loan servicer, was a citizen of both Florida and Georgia, and (4) Brink was a citizen of Nebraska. Defendants claimed Brink was fraudulently joined and should be ignored for purposes of diversity because there was no reasonable basis in law or fact to support a claim against Brink. *See Wivell v. Wells Fargo Bank, N.A.*, 773 F.3d 887, 896 (8th Cir. 2014) (allowing the district court to assume temporary jurisdiction over facially non-diverse parties to determine if there was fraudulent joinder). After the removal, Brink filed his Motion to Dismiss Party (Filing No. 34).[2]

## II.   DISCUSSION
### A.   Fraudulent Joinder

The Nebraska Trust Deeds Act ("Act") governs deeds of trust in Nebraska. Neb. Rev. Stat. §§ 76-1001 to 76-1018. A trustee may exercise power of sale over the trust

---

[1]The Court takes judicial notice of the appointment of Brink as successor trustee and the notice of default which are located in the public deed records of Sarpy County, Nebraska. *See* Fed. R. Evid. 201.

[2]Plaintiff has failed to respond to this Motion to Dismiss or request any extension (*See* Local Rule 7.1(b)(1)(B)). Moreover, defendant Deutsche has not answered the Complaint, even though it was initially granted an extension of its answer deadline until March 14, 2017 (*See* Filing No. 12). On March 16, 2017, Deutsche filed another Unopposed Motion for Extension of Time (Filing No. 15), and it will be denied as moot.

property in accordance with the Act.  *Id*. at § 76-1005.  To exercise the power of sale, a trustee must:

> first file for record in the office of the register of deeds of each county wherein the trust property . . . is situated a notice of default identifying the trust deed by stating the name of the trustor named therein and . . . containing a statement that a breach of an obligation for which the trust property was conveyed as security has occurred[.]

*Id*. at § 76-1006.  The trustee must also give written notice of the sale.  *Id*. at § 76-1007.  Once the trustee has performed the requisite duties under the Act, the trustee may sell the property at public auction.  *Id*. at § 76-1009.

Joinder is fraudulent if state law precludes *any* cause of action against a defendant. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003).  Joinder is not fraudulent if there is any colorable cause of action against the defendant.  *Id*.

Brink, as trustee, is the individual with the power to sell plaintiffs' property.  *Id*. at § 76-1005.  He has already exercised some of his powers by filing a notice of default. Plaintiffs' first cause of action in their complaint requests "an order enjoining the Defendants from proceeding with the scheduled sale[.]"  Any injunction issued by the Court to stop the sale could enjoin Brink.  Thus, plaintiffs have alleged a colorable claim against Brink and his joinder is not improper.

### B. Subject-Matter Jurisdiction

Subject-matter jurisdiction based on diversity of citizenship requires each of the defendants to be citizens of different states than any of the plaintiffs.  28 U.S.C. § 1332. If a case is removed with facially non-diverse parties, the district court can temporarily assume jurisdiction to determine if there is fraudulent joinder.  *Wivell*, 773 F.3d at 896. The parties "may avoid remand . . . only by demonstrating that the non-diverse party was fraudulently joined."  *Filla*, 336 F.3d at 809.  Based on the declarations in the notice of removal, the parties are not diverse.  Because the defendants have failed to show

fraudulent joinder, this Court has no subject-matter jurisdiction over the case. Accordingly,

    IT IS ORDERED:

1. Defendant Brink's Motion to Dismiss Party (Filing No. 8) is denied.
2. Defendant Deutsche's Unopposed Motion for Extension of Time to File a Responsive Pleading (Filing No. 15) is denied as moot.
3. This case is remanded to the District Court of Sarpy County, Nebraska.

Dated this 17th day of March, 2017.

    BY THE COURT:

    s/ *Robert F. Rossiter, Jr.*
    United States District Judge